NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NOE GONZALEZ-GRANADOS, | No. 24-2721 |
| Petitioner, | Agency No. A215-881-585 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2025**
Las Vegas, Nevada

Before: BENNETT, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Noe Gonzalez-Granados is a native and citizen of Mexico. He petitions for

review of a decision of the Board of Immigration Appeals ("BIA") dismissing his

appeal of an order of an Immigration Judge ("IJ") (collectively, "the agency")

denying his application for cancellation of removal. Where, as here, the BIA agrees

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

with the IJ's reasoning and supplements that reasoning with its own analysis, we review both decisions. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Substantial evidence supports the agency's conclusion that Gonzalez's removal would not result in exceptional and extremely unusual hardship to his minor daughters under 8 U.S.C. § 1229b(b)(1)(D).[1] Neither the undocumented status of his children's mother, nor the financial or emotional circumstances his children would face in his absence, "deviate[], in the extreme, from the hardship that ordinarily occurs in removal cases." *Gonzalez-Juarez*, 137 F.4th at 1007. While Gonzalez argues that the agency disregarded various evidence, Gonzalez has failed to rebut the presumption "that the BIA thoroughly considers all relevant evidence in the record." *Szonyi v. Whitaker*, 915 F.3d 1228, 1238 (9th Cir. 2019).

**PETITION DENIED.**

---

[1] Contrary to Gonzalez's assertion that we should apply de novo review, the agency's hardship determination is a mixed question of law and fact that we review for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). To the extent that Gonzalez disputes the agency's underlying factual findings, we lack jurisdiction to review those findings. *See Wilkinson v. Garland*, 601 U.S. 209, 225 (2024) (holding that "[t]he facts underlying any determination on cancellation of removal . . . remain unreviewable").